GEORGE WILLIAMS COLLEGE, Appellant, vs. VILLAGE OF
WILLIAMS BAY and others, Respondents.

*January 14—February 9, 1943.*

For the appellant there were briefs by *Godfrey & Pfeil* of Elkhorn, and oral argument by *Alfred L. Godfrey.*

For the respondents there was a brief by *Sheldon & Freytag* of Elkhorn, and oral argument by *W. H. Freytag.*

FAIRCHILD, J.    Appellant owns land bordering on Geneva lake on which it maintains a boys' camp and which prior to 1941 did not have sewer service from the respondent village. In 1941 the plans to which reference was made in the statement of facts were made to extend the village sewer system so as to service the camp.    During the negotiations appellant granted the village an easement over some of its land for the construction of the sewer mains.    Subsequently a special assessment was levied against the appellant.    The appellant was not served individually with notice thereof although notice was given by publication.    Appellant alleges that it did not know of the assessment until more than the twenty-day period set by the statute for appeals had elapsed. It began this action to set aside the assessment and easement, and it insists that it is not bound by the provisions requiring an appeal from the order of the board within twenty days.    The first question to be decided, then, is whether any action other than an appeal pursuant to the provisions of sec. 62.16 (6) (k), Stats., is open to appellant.

Sec. 61.45, Stats., contains the provisions for the construction of sewers in villages.    This statute was originally enacted by sec. 1, ch. 262, Laws of 1889.    There was nothing in the village statutes to limit the right of an aggrieved property owner to an appeal at that time.    This was also true of the section dealing with sewer assessments in cities.    What is now sec. 62.16 (6) (k) was enacted by sec. 184, ch. 326, Laws of 1889, and applied only to assessments for paving in cities. This statute contained a provision for appeal to the circuit court and it was the only remedy available to the landowner. See *Newton v. Superior,* 146 Wis. 308, 130 N. W. 242, 131 N. W. 986. Until 1921 this situation of separate appeal provisions for paving and for sewer assessments continued in cities.

In 1919 sec. 61.45, Stats., relating to village sewer assessments was amended by sec. 50, ch. 691, Laws of 1919, so as to provide that the improvements should be made—

". . . pursuant to the provisions of subchapter XX of chapter 64bb of the statutes [which now is found in part in sec. 62.18], except section 925—221, which shall govern the construction, alteration and repair of sewers and drains in villages to the same extent as if villages were cities so far as said provisions are applicable. . . ."

It is to be noted that at the time of this amendment there was no provision in subch. XX for appeals to the circuit court. A revisor's note was attached to the bill (No. 532, S.) which stated:

"The changes made in this section authorize the construction of sewers and drains in villages pursuant to the provisions of the statutes relating to the construction and repairing of sewers and drains by cities, thus giving one general scheme in the statutes for this work whether it is done in a village or a city. The general scheme now provided for villages in the statutes is very similar to that for cities and must necessarily be so and there is no good and sufficient reason for continuing both sets of statutes. The village statutes are repealed by section 71 of this bill."

That such notes are important in construing legislative intent is well settled. *Hillier v. Lake View Memorial Park,* 208 Wis. 614, 243 N. W. 406; *State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 197 N. W. 578.

Then at the next session of the legislature in 1921 by sec. 164, ch. 242, Laws of 1921, sec. 62.18, Stats., was amended and for the first time the provisions of sec. 62.16 (6) (k) were made applicable to *sewer* assessments in *cities.* Finally in 1929 a revisor's bill was passed which added sec. 62.21 to the sections to which sec. 61.45 refers. Ch. 482, Laws of 1929.

The trial court was of the opinion that the legislature by re-enacting sec. 61.45, Stats., in 1929 embodied sec. 62.18

as amended in 1921 so as to include the provisions of sec. 62.16 (6) (k), and that this remedy was exclusive and broad enough to enable the plaintiff to raise all issues including the constitutionality of the statute on appeal. A large part of the argument on this appeal has been devoted to the question of whether the enactment of the revisor's bill did incorporate these appeal provisions into sec. 61.45. We are of the opinion that under the rules recognized by this court for the interpretation and construction of revised statutes that the 1929 bill cannot be interpreted as altering the substantive law involved in this suit as it existed previously. The cases uniformly hold that such bills are not intended to change the meaning of the statutes and that a construction involving a change in meaning will be made only if the language is so clear and unambiguous that it is not subject to any other interpretation. *Wisconsin Power & Light Co. v. Beloit,* 215 Wis. 439, 447, 254 N. W. 119, and cases there cited. There is no indication in this bill that it intended to change the existing substantive law other than to add sec. 62.21.

The question then becomes whether the legislature previous to 1929 included in sec. 61.45, Stats., the appeal provisions of sec. 62.16 (6) (k). The only means by which such an incorporation can have taken place is by so-called "legislation by reference." By this doctrine when a statute adopts the general law on a given subject, the reference is construed to mean that the law is as it reads thereafter at any given time including amendments subsequent to the time of adoption. This is to be contrasted with adoption by reference of limited and particular provisions of another statute, in which case the reference does not include subsequent amendments. 2 Lewis' Sutherland Statutory Construction (2d ed.), p. 787 *et seq.,* secs. 405, 406. See *Cole v. Donovan,* 106 Mich. 692, 64 N. W. 741.

The processes provided or the code contained in sec. 62.18, Stats., was already (in 1921) a part by reference of sec. 61.45

because it had been adopted and was to continue as a part in whatever form it took until it showed itself disassociated. From 1919 any amendment or the repeal of sec. 62.18 by legislative act would affect the tenor and meaning of sec. 61.45 unless the legislature plainly provided for a different consequence. This is so under the rule of statutory construction generally accepted as controlling where legislation by reference is resorted to. This method of legislation was discussed in *Hay v. Baraboo,* 127 Wis. 1, 17, 105 N. W. 654, where it was decided that the adoption of a part of the general charter *pro tanto* amends the special charter and renders it to that extent subject to further amendment by legislative action changing the part so adopted. That case is cited in 25 R. C. L. p. 908, sec. 160, as authority for the proposition that when an adopting statute refers to the law generally which governs a particular subject, the reference in such case "includes not only the law in force at the date of the adopting act but also all subsequent laws on the particular subject referred to, so far at least as they are consistent with the purposes of the adopting act." In the case at bar the whole scheme of procedure used in the cities is clearly adopted. The words of the statute and the text of the note appended to the bill by the revisor indicate that it is the general law on the subject of sewer assessments that is adopted. This being so, the fact that the law is referred to also in terms of the sections of the statutes in which it is to be found is not considered sufficient to make it an adoption of just one particular statute.

The present case is distinguishable from the case of *Gilson Bros. Co. v. Worden-Allen Co.* 220 Wis. 347, 265 N. W. 217. In that case there was no reference in the later statute to the earlier statute nor were the terms of the earlier statute incorporated by reference. The statute in that case had been patterned after the earlier statute which was considered in an attempt to understand the legislative intent. The later statute was complete in itself. What the legislature intended it to

mean at the time of its passage was determined in part by looking at the earlier statute which governed the same problem in a different field.

In sec. 61.45, Stats., we have a statute which clearly indicates the intention to adopt the same procedure for villages as for cities. This being true, it is considered that the subsequent amendment to sec. 62.18 in 1921 was incorporated by reference into the law for villages.

The contention is made that the statute is unconstitutional in that it provides that the assessment shall be based on the cost of the work rather than on the benefits to the abutting property. Were this true, the provision for appeal would fall with the rest of the statute and appellant would be entitled to raise the issue in an equitable action. It is settled that special assessments although based on the cost of the work may not exceed the benefits accruing. *Milwaukee E. R. & L. Co. v. Shorewood,* 181 Wis. 312, 193 N. W. 94, and cases there cited. Appellant contends that sec. 62.18 (9) (b), 1, Stats., allows assessments to be made without regard to the benefit received. This statute reads:

"The cost of sewers in streets and alley crossings, the excess of the cost of sewers above the linear foot assessment made pursuant to paragraph (a), of manholes, lampholes, flush tanks, and of temporary work in connection with the construction of the sewers in the district shall be assessed justly and equitably upon the lots and parcels of land intended to be benefited thereby in proportion to the benefits which will accrue to each lot or parcel of real estate. . . ."

It is to be noted that the statute provides that the assessment shall be made justly and equitably. Throughout the statute in question there are references to benefits. When the legislature in that same section refers to costs already paid by the city and makes provision for reimbursement, it speaks of sewer improvements which are "of special benefit to the lots and parcels of land." Furthermore, the principle that special

assessments must be based on benefits is so well established that it seems to require holding that the statute intends to incorporate it. See *Welch v. Oconomowoc,* 197 Wis. 173, 221 N. W. 750. The principle is stated in sec. 61.37, Stats., which may be taken as laying down the general rule for all village assessments.

It might be possible to construe sec. 62.18 (9) (b) 1, Stats., as appellant contends so that it would be taken to mean that the full cost of the construction should be borne by the lot owners, regardless of benefit, in the proportion determined by the relative benefits, but the reasons which led the court to hold part of sec. 61.42, involved in *Armory Realty Co. v. Olsen,* 210 Wis. 281, 299, 246 N. W. 513, constitutional apply with equal force here. In that case the court, speaking through Mr. Justice NELSON, said:

"While the language 'in the case of surface or storm sewers the board may levy a tax for the whole or any part of such cost upon all of the lots, tracts and parcels of land in said village benefited thereby in proportion to the amount of such benefits as determined by said village board,' is somewhat awkward in construction and lacks clarity, we think the intent of the legislature was to authorize special assessments only in respect to benefits."

It is true that the statute before us here is phrased "shall be assessed," but very often "shall" in a statute is construed to mean "may," especially in order to avoid a constitutional doubt. We conclude that the statute in question provides for the levying of special assessments in proportion to benefits received. This being so, the statute is constitutional and any questions as to the procedure in the instant case can be raised only on an appeal taken under the statute.

There remains the question raised with reference to the summary judgment granted to the defendant village in respect to the easement given by the appellant to the village. This easement was under seal and was delivered to the grantee.

This being true, the consideration is conclusively presumed. *Singer v. General Acc., F. & L. Assur. Corp.* 219 Wis. 508, 262 N. W. 702. Furthermore, as a matter of law there cannot be a conditional delivery of a deed to a grantee; in such a case the delivery becomes absolute. *Chaudoir v. Witt,* 170 Wis. 556, 170 N. W. 932, 174 N. W. 925. Finally, as to the deed being voidable for misrepresentation, plaintiff's complaint fails to set forth a cause of action for fraud. We are of the opinion that the representations were not of such a character as to entitle appellant to rely on them. The most the village could give was an estimate of the costs and this was all that the representations could reasonably be regarded as. Furthermore, the village could not lawfully contract to free appellant of the amount of the benefits it received. The trial court, therefore, properly granted the respondent village's motion for summary judgment.

*By the Court.*—Orders and judgment affirmed.