SOMMERFELD, Appellant, vs. BOARD OF CANVASSERS OF CITY OF ST. FRANCIS and others, Respondents.

*February 11—March 8, 1955.*

For the appellant there was a brief and oral argument by *Gerald J. Rice* of Milwaukee.

For the respondents there was a brief by *Bender, Trump, McIntyre, Trimborn & Godfrey,* attorneys, and *Kneeland A. Godfrey* of counsel, all of Milwaukee, and oral argument by *Kneeland A. Godfrey.*

BROADFOOT, J.    Only one question is presented for determination. That involves the legality of the 18 absentee ballots under the facts in this case. The stipulation of facts with reference thereto was as follows:

"That the eighteen (18) absentee ballots cast for Paul H. Rainer in Ward 3 were part of twenty-one (21) absentee ballots issued to a group of absentee voters residing at 3221 So. Lake drive in the city of St. Francis. That said twenty-one (21) absentee ballots were properly issued under section 11.57, Wisconsin statutes, pursuant to written post-card requests from said voters, made under section 11.56, Wisconsin statutes, all on U. S. post cards, typed in a uniform manner and with identical language. That all such absentee ballots were properly marked by said absentee voters as provided by section 11.59 who executed the affidavits and the envelopes containing such ballots and stamped them for mailing back to the city clerk of St. Francis; but that said voters did not return said absentee ballots in the envelopes by mail, or deliver the same in person, as provided by sec. 11.59, Wisconsin statutes, but caused the same to be returned to the clerk of the city of St. Francis by a third person, who returned the sealed envelopes to the said clerk."

Secs. 11.54 through 11.70, Stats., deal with absentee voting. Few cases have been decided in Wisconsin under those sections. At one time sec. 11.62 required inspectors to indorse absentee ballots before depositing them. Later that section was amended to provide that the ballots should be indorsed by the ballot clerks before they were deposited. Failure to comply with these provisions has been held in two cases not to invalidate the ballot cast by an absentee voter. *State ex rel. Symmonds v. Barnett,* 182 Wis. 114, 195 N. W. 707, and *In re Burke,* 229 Wis. 545, 282 N. W. 598. Thus strict compliance, so far as the election officials were concerned, was not required.

Most states have provided for so-called absentee voting. In some states absentee voting is held to be a privilege granted to the elector and not an absolute right, and in those states the laws regulating absentee voting generally receive a strict construction. In other states such laws are given a

liberal construction. Because of a difference in the statutes of the various states, little help can be received from the decisions in other jurisdictions.

Our statutes are not only divided into chapters but they are divided into titles. Title II, denominated "Elections," embraces chapters 5 through 12 of the statutes. Sec. 5.011, Stats., provides that Title II shall be construed so as to give effect to the will of the electors, if that can be ascertained, notwithstanding informality or failure to comply with some of its provisions. Originally absentee voting was confined to persons in the military service. It has now been extended to apply to those who, because of sickness, physical disability, or religious reasons, cannot appear at the polling place in their precincts and to those who expect to be absent from their places of residence on the day of an election.

The sentence directly in question uses the word "shall" with reference to mailing, and the word "may" with reference to delivery in person. Provisions for absentee voting have been adopted because of changed conditions. Modern transportation has greatly affected our social and economic lives and many persons find it necessary or convenient to be away on election day. The number of absentee ballots is increasing rather than decreasing. Where possible, our statute should be interpreted to enable these people to vote.

As an example of strict construction, Sommerfeld's attorney calls attention to the case of *McMaster v. Wilkinson*, 145 Neb. 39, 47, 15 N. W. (2d) 348, 155 A. L. R. 667, but in that case it was stated:

"It is the policy of the law to prevent as far as possible the disfranchisement of electors who have cast their ballots in good faith, and while the technical requirements set forth in the absentee voting law are mandatory, yet in meeting these requirements laws are construed so that a substantial compliance therewith is all that is required."

Apparently even in those states which have adopted a rule of strict construction they state that a substantial compliance therewith is all that is required.

With reference to the construction of election statutes as mandatory or directory the rule is stated as follows in 29 C. J. S., Elections, p. 310, sec. 214:

"The difference between mandatory and directory provisions of election statutes lies in the consequence of nonobservance: An act done in violation of a mandatory provision is void, whereas an act done in violation of a directory provision, while improper, may nevertheless be valid. Deviations from directory provisions of election statutes are usually termed 'irregularities,' and, as has been shown in the preceding subdivision, such irregularities do not vitiate an election. Statutes giving directions as to the mode and manner of conducting elections will be construed by the courts as directory, unless a noncompliance with their terms is expressly declared to be fatal, or will change or render doubtful the result, as where the statute merely provides that certain things shall be done in a given manner and time without declaring that conformity to such provisions is essential to the validity of the election."

If our statute is construed to mean that the voter shall himself mail the ballot or personally deliver it to the clerk, then the statute would defeat itself in the case of those who are sick or physically disabled. They would be unable to mail ballots except through an agent. Having made provision that these unfortunate people can vote, we cannot believe that the legislature meant to disenfranchise them by providing a condition that they could not possibly perform. We have held that the word "shall" can be construed to mean "may." *George Williams College v. Williams Bay*, 242 Wis. 311, 7 N. W. (2d) 891. In passing upon statutes regulating absentee voting, the court should look to the whole and every part of the election laws, the intent of the entire plan, the

reasons and spirit for their adoption, and try to give effect to every portion thereof.

The provision that the ballot shall be mailed or delivered in person to the clerk is to prevent tampering with the ballot. However, there are safeguards within the statutes themselves. Sec. 11.62, Stats., especially provides that an absentee ballot shall not be accepted or counted if the affidavit is found to be insufficient, if the applicant is not a duly qualified elector, if the ballot envelope is open or has been opened and resealed, if the envelope contains more than one ballot of any one kind, or if at a primary election the unused portion of the ballot shall not be returned. A reference to the statutes will show that the legislature has expressly provided that absentee ballots shall not be counted unless other provisions thereof are complied with. It did not do so in the statute in question.

An absentee ballot is inclosed in an envelope, upon which appears the affidavit of the elector. To tamper with the ballot the envelope would have to be opened and resealed. There is no claim that any of the envelopes had been tampered with in any way, nor is there any claim of fraud in this case. The complaint as to the delivery of the ballots is purely technical. We conclude, therefore, that in order to fulfil the spirit of our election laws the last sentence of sec. 11.59, Stats., is directory only, and that a delivery of ballots by agent is a substantial compliance therewith.

*By the Court.*—Judgment affirmed.

GEHL, J. (*dissenting*). Sec. 11.59, Stats., provides that the ballot shall be mailed by the absentee voter or may be delivered *in person*. Webster's New International Dictionary (2d ed., unabridged), defines "in person" as "By oneself; with bodily presence." Had the legislature intended that the ballot might be delivered by a representative, it might easily have so declared.

Nothing is found in the statutes concerning absentee voting that indicates legislative disposition to permit the absentee ballot to be delivered by agent.

Absentee voting is a privilege—not a right. The law dealing with such privilege ought to be construed as it is written. The legislature regulates the conduct of elections when it prescribes procedure in language plain and unequivocal and the requirements thereof should be observed.

I am authorized to state that Mr. Chief Justice FAIRCHILD, and Mr. Justice STEINLE join in this dissent.