KAUFMANN, Plaintiff and Respondent, v. LA CROSSE CITY BOARD OF CANVASSERS, Defendant: SMITH, Defendant and Appellant.

*September 11—October 6, 1959.*

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Sheehan* and *Alex B. Cameron,* all of La Crosse, and oral argument by *Mr. L. E. Sheehan* and *Mr. Cameron.*

For the respondent there was a brief by *Bosshard & Arneson* of La Crosse, and oral argument by *Philip G. Arneson.*

BROADFOOT, J. Upon this appeal the appellant contends that the circuit court committed error in that he misconstrued and misapplied the applicable law. It is first contended that the court has already construed sec. 11.59, Stats., to be directory rather than mandatory. In support of his contention he cites the cases of *Sommerfeld v. Board of Canvassers,* 269 Wis. 299, 69 N. W. (2d) 235, and *Olson v. Lindberg,* 2 Wis. (2d) 229, 85 N. W. (2d) 775.

In the *Sommerfeld Case* it was held that the last clause of said section was directory only. In both cases there was a quotation from 29 C. J. S., Elections, p. 310, sec. 214, which indicated that as a general rule statutes giving directions as to the mode and manner of conducting elections are to be construed by the court as directory unless a noncompliance with the terms is expressly declared to be fatal, as was done in sec. 11.57, Stats., which was considered in the *Olson Case.* The *Sommerfeld Case* was decided by a divided court, with three dissents. Undoubtedly the decision would have been more clear had there been a statement therein that there must be substantial compliance with the statutes regulating absentee voting, whether they be considered to be mandatory or directory.

In the *Sommerfeld Case,* as here, the ballots were properly applied for and delivered. In each case in the envelope inclosing the ballots was inserted an envelope for returning the absentee voter's ballot. Sec. 11.58, Stats., provides that such envelope shall bear upon the face thereof the name, official title, and post-office address of the clerk, and upon the other side an affidavit form with a jurat and certificate to be signed by an officer authorized by law to administer oaths. In the *Sommerfeld Case* the affidavit on the back of the envelope was properly filled out and notarized. Upon the front of the envelope furnished by the clerk for the return of the ballots appears the following:

"This envelope to be used by voter for returning ballot after it is marked. Return to officer from whom received."

Upon the back of the envelope, in addition to the affidavit, jurat, and certificate, appears this information to the voters:

"Affidavit may be executed before any notary public or justice of the peace, or before any county, city, village, or town clerk."

There was nothing on the front of the envelope furnished in the *Sommerfeld Case* to indicate that the envelope must be mailed by the voter or delivered to the clerk in person. So far as the certificate is concerned, the envelope containing the statutory form of affidavit, jurat, and certificate, with the added directions, informs the voter not only that he must sign the affidavit but that he must swear to the same before an officer authorized by law to administer oaths. A partial list of such officers is furnished. Failure to follow the information supplied means that there has been no substantial compliance with the provisions of sec. 11.59, Stats., whether those provisions be deemed mandatory or directory. Had the city clerk done her duty the 18 absentee ballots, when the carrier envelope was opened by the inspectors of election, would have shown the affidavits to be insufficient. Under the

provisions of sec. 11.62, such ballots would then have been indorsed "Rejected" for the reason that the affidavits were insufficient and were not in fact affidavits at all, and the rejected ballots would have been sealed with others and proper return made of the same by the election officials.

The distinction between the *Sommerfeld Case* and the present case is clear. There was a substantial compliance in the *Sommerfeld Case* while in the present case there was not. The fact that the city clerk further complicated the matter by signing her name to the jurat and certificate cannot aid the voter. The two wrongs cannot make a right.

It is next contended by the appellant that the court was in error in permitting four of the eight voters who cast absentee ballots that strictly complied with the statute to testify how they voted. It is contended that voting is secret. It is true that Wisconsin and all of the other states, so far as we know, do everything possible to protect the secrecy of the ballot. This has particular application to the conduct of the election itself. Within the polling place voters, except in cases provided for by statute, are not to exhibit their ballots or to show or indicate how they have voted. To do so might be considered a form of electioneering at the polls. However, after the election is over and the knowledge of how an elector voted could not influence others, a voter may waive his right to secrecy and reveal how he voted. Appellant contends that this testimony was inadmissible for the further reason that the ballots themselves were in evidence and had been properly preserved; that the ballots were the best evidence and to permit the oral testimony of the voters would be to permit the variance of a written instrument by parol evidence.

Plaintiff added to his brief a supplemental appendix purportedly containing the testimony of the four voters who were permitted to testify as to how they voted. Although no claim is made that it is not a proper transcript we do not deem it to be a proper part of the record before this court

and the same has not been considered. Without the transcript we cannot tell whether the trial court properly ruled on any objections to the evidence offered. We are faced with a somewhat hypothetical question: Can a voter, after an election, under any circumstances testify as to how he voted? We conclude that a voter may waive his personal privilege and testify under some circumstances. Upon the record here we assume that the trial court was correct in its rulings. From that record we are convinced that the trial court reached the right result in declaring that the plaintiff received a majority of the legal votes cast and was elected to the office of alderman of the 19th ward of the city of La Crosse.

*By the Court.*—Judgment affirmed.

CURRIE, J., dissents.