442

STAUFFACHER and others, Appellants, v. CITY OF SUN PRAIRIE, Respondent.

*No. 342.   Argued June 5, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 587.)

For the appellants there was a brief and oral argument by *Jack Aulik* of Sun Prairie.

For the respondent there was a brief by *Orr, Isaksen, Werner, Lathrop & Heaney* of Madison, and oral argument by *Trayton L. Lathrop.*

HALLOWS, C. J.  The plaintiffs David G. Stauffacher, Prairie Enterprises, Inc., and James B. Harker, are the owners of certain land in Sun Prairie. The complaint alleges their predecessors in title made an agreement with the defendant City concerning a drainage easement over the land. This easement dated May 22, 1962, granted an easement 40 feet in width over the land "for storm water drainage ditch purposes and including the construction, installation, maintenance and repair of a storm water drainage ditch upon said easement area . . . upon the following express conditions which are a part of the consideration of the granting of the within easement rights, to wit: (a) That the said party of the second part, its successors or assigns [City], shall not at the present time, nor at any time in the future, hold the parties of the first part, their heirs or assigns [plaintiffs], liable for any assessment, charge or expense in connection with the construction or maintenance of said storm water drainage ditch." The complaint further alleges that on April 18, 1967, the defendant City authorized improvements to be made to the "storm water drainage ditch" including the construction of a "storm sewer" within the boundaries of the easement. On April 24, 1967, the City levied a special assessment against the plaintiffs' land for the improvements allegedly in violation of the terms of this agreement.

The trial court sustained the demurrer on the ground the facts alleged did not constitute a breach of the covenant because the covenant only prohibited an assessment for a ditch and not one for a sewer. As a second ground, the trial court held that the City had no power to acquire an easement for public purposes by freeing the abutting land from an assessment for the construction, improvement or maintenance of the easement.

We agree with the trial court that the complaint does not state a cause of action. We think the easement is for a drainage ditch and not for a storm sewer. While both of these facilities served the same purpose to be a conduit for the transportation of water, they are not the same. The plaintiffs argue that such a construction is illogical because the City apparently considers the scope of the easement to include a storm sewer since it used the easement for that purpose. It may be, but we do not now decide that the easement given by the plaintiffs' predecessors in interest is not broad enough to give the City the right to use it for a storm sewer. Normally, what is sauce for the goose is sauce for the gander, but we need only now decide that the special assessment was not prohibited by the terms of the storm water drainage ditch easement.

Likewise, we do not decide whether the storm water drainage ditch easement is valid or whether the City can divest itself of the power to levy special assessments in the future in exchange for an easement. *See* Annot. (1956), *Power of municipality or other governmental unit to make contract or covenant exempting or releasing property from special assessment,* 47 A. L. R. 2d 1185. *See also* Annots., 16 A. L. R. 499 and 37 A. L. R. 1357. This problem was referred to in *George Williams College v. Williams Bay* (1943), 242 Wis. 311, 7 N. W. 2d 891, which involved an agreement between a village and a landowner providing a special assessment would not exceed $10,000 against the plaintiff's land. This promise was made in exchange for an easement to construct

the sewer. While the point was not decided, this court said, "Furthermore, the village could not lawfully contract to free appellant of the amount of the benefits it received." However, one year later in *Marquette Homes, Inc. v. Greenfield* (1944), 244 Wis. 588, 13 N. W. 2d 61, this court withdrew this language and specifically reserved the question. We again reserve this question.

Since the trial court dismissed the complaint on the ground the City had no power to enter into such an agreement, it is necessary for us to reverse that judgment so that our decision does not foreclose the plaintiffs from further relief if they are entitled to it.

*By the Court.*—The order is affirmed, and the judgment is reversed, with leave to the plaintiffs to replead.