YOUNG, and others, Plaintiffs-Appellants, v. BOARD OF EDUCATION, JOINT DISTRICT No. 10, VILLAGE OF MUKWONAGO, Defendant-Respondent.

*No. 75-381. Argued September 13, 1976.—Decided October 19, 1976.*
(Also reported in 246 N. W. 2d 230.)

For the appellants there was a brief and oral argument by *Leonard W. Schulz* of Big Bend.

For the respondent there was a brief by *Clayton A. Cramer, John C. Curran* and *Cramer, Multhauf & Curran* of Waukesha, and oral argument by *Clayton A. Cramer*.

ROBERT W. HANSEN, J. The statute (Sec. 121.54 (2) (b) 1.) in this action for declaratory judgment, enacted pursuant to constitutional authority,[1] provides for transportation by school districts of pupils residing in the district and attending private schools:

"Except as provided in sub. (1) or otherwise provided in this subsection, the school board of each district operating high school grades shall provide transportation to and from the school he attends for each pupil

---

[1] Art. 1, sec. 23, Wis. Const., providing: "Nothing in this constitution shall prohibit the legislature from providing for the safety and welfare of children by providing for the transportation of children to and from any parochial or private school or institution of learning."

residing in the school district who attends any elementary grade, including kindergarten, or high school grade at a private school located 2 miles or more from his residence, if such private school is a school within whose attendance area the pupil resides and is situated within the school district or *not more than 5 miles beyond the boundaries of the school district measured along the usually traveled route."* [Emphasis supplied.]

*THE FIVE-MILE REQUIREMENT.*

Plaintiffs initially contended the nearest boundary line of the Mukwonago school district was within five miles of the grounds of Catholic Memorial High School in Waukesha. This was in part supported by a measurement of the distance made by the superintendent of schools for the district and one of the plaintiffs. Actually, four measuring tests were run prior to the time of trial. Finding these tests not entirely clear, the trial judge ordered a fifth test. This test, unchallenged and uncontested by either party, established: the distance from the school district boundary to the outermost property boundary of the high school as 5.024 miles by horizontal measurement, 5.025 miles by surface measurement; the measurement to the south property line of the high school as 5.122 miles horizontally, 5.123 miles by surface measurement. Measurement to the nearest entrance to the high school from the parking lot driveway was 5.429 miles horizontally, 5.430 miles by surface measurement.

The distance in question, regardless of the point at the high school to which it is measured, is in excess of five miles, although barely so. (Plaintiffs made and make no objection to the distance test, ordered by the court and conducted by Arthur & Associates from Fond du Lac.) The trial court's findings on this point are supported by the evidence, and affirmed. By the measuring-stick only approach, the distance involved is more than five miles. Since the school district voted not to transport students more than five miles outside the district, children residing

in the Mukwonago school district and attending Catholic Memorial High School are not entitled to bus transportation under the statute on its face.

## IS THE STATUTE TO BE LIBERALLY CONSTRUED?

Plaintiffs contend the bus transportation statute should be liberally construed to accomplish the safety and welfare purposes of the statute. Our court has held the school transportation statute is to be given such liberal construction, stating:

"The purpose of school transportation laws is to provide for the safety and welfare of school children. Sec. 121.54, Stats., should be given a liberal interpretation to accomplish this laudable purpose. Therefore, any exceptions to the mandatory provision of transportation should be narrowly construed."[2]

But liberality in construction is not here available to stretch five miles into something more than five miles. Admittedly, the overage here of less than 130 feet by most measurements is *de minimis*. But so was the 400 feet less than two miles before this court in the *Cartwright Case*.[3] There this court held two miles means two miles, no less, stating:

"Certainly a child who lives one and nine-tenths miles from his school can be subjected to substantially the same safety and welfare hazards as one who lives two miles from his school. The legislature drew the line at two miles and could reasonably do so."[4]

"'In every classification there are always cases just within or just without the border line.'"[5]

---

[2] *Morrissette v. DeZonia* (1974), 63 Wis. 2d 429, 440, 217 N.W. 2d 377.

[3] *Cartwright v. Sharpe* (1968), 40 Wis. 2d 494, 162 N.W. 2d 5.

[4] *Id.* at page 506.

[5] *Id.* at page 507, quoting *Union Free High School Dist. v. Union Free High School Dist.* (1934), 216 Wis. 102, 108, 256 N.W. 788.

As we did in *Cartwright* with the minimum distance of two miles, so we do with the maximum distance of five miles. Statutory construction is not available either to lower such minimum mileage figure or to raise the maximum number of miles. As this court said in another context: "Where a statute is plain and unambiguous, interpretation is unnecessary."[6] It is here also inappropriate.

## EQUAL PROTECTION AND UNIFORMITY.

In their appeal to this court, plaintiffs seek to raise two additional issues. First, that denying publicly-financed bus transportation to the children of these plaintiffs under these circumstances denies them equal protection of law as guaranteed by the fourteenth amendment to the United States Constitution. The second is that "reasonable uniformity" within the meaning of the statute is not provided to these private school students by their being excluded from publicly-provided bus transportation. We do not on this record reach or resolve either the equal protection or the uniformity issues, but we recognize them as appropriate areas of concern in this action for declaratory relief and will accordingly consider them.

As to the equal treatment of pupils in private and public schools, this court held in *Cartwright:*

"The important change provided by the constitutional amendment and the enabling legislative acts was to provide that where transportation is furnished, either mandatory or permissive, it must be on a reasonably uniform basis to children attending either public or private schools."[7]

The specific statutory reference to "reasonable uniformity" as between pupils attending private schools and those attending public schools refers to minimum distances only. However, reasonably uniform treatment

---

[6] *Weather-Tite v. Lepper* (1964), 25 Wis. 2d 70, 73, 74, 130 N.W. 2d 198.

[7] *Cartwright v. Sharpe, supra,* footnote 3, at page 505.

of public and private school pupils may well be required for maximum distances as well as for the minimum distances provided for in sec. 121.54, Stats.[8] Recently a three-judge federal court panel found not only a lack of uniformity but a denial of equal protection under the constitution where pupils enrolled in kindergarten and grades one through six were denied bus transportation by the city of Milwaukee school board when the private school they were attending, Hillel Academy, was relocated 400 feet outside the city limits of Milwaukee.[9] Finding the classification of school children affected to be without a rational basis in the context of that case, the panel stressed the established fact that other similarly situated Milwaukee resident students were furnished bussing far in excess of the distances the Hillel Academy pupils would be bussed.[10] The court upheld the plaintiff-parents' contention that such unequal treatment of the similarly situated students created ". . . an untenable distinction among school children so as to deny them equal protection of the law as guaranteed by the fourteenth amendment to the United States Constitution."[11]

In the instant case, in discussing the *Deutsch* holding that private students were denied a benefit that similarly situated neighbors were not, the respondent school dis-

---

[8] *See:* Sec. 121.54 (2) (c), Stats., providing: "An annual or special meeting of a common school district or union high school district, or the school board of a city school district or unified school district may determine to provide transportation for all or part of the pupils who reside in the school district to and from the nearest public school they are entitled to attend or the private school within or without the school district within whose attendance area they reside, but if transportation is provided for less than all such pupils there shall be reasonable uniformity in the minimum distance that pupils attending public and private schools will be transported. . . ."

[9] *Deutsch v. Teel* (E.D. Wis. 1975), 400 Fed. Supp. 598.

[10] *Id.* at pages 604, 605.

[11] *Id.* at page 601.

trict states in its brief: "There is no evidence in this record of this action on which an argument can be based that there is a lack of uniformity in the busing between the Mukwonago School District and the plaintiff herein,"[12] and further states: "There is no evidence in the record to show that Appellants were treated any differently from others similarly situated in Mukwonago School District."[13] It would be difficult to challenge that summary of this record. There is here no testimony and there is here no evidence that even indicates the distances which other pupils are being bussed to school, inside or outside the school district, either as required by statute or permitted by statute. So it is clear that the judgment of the trial court could be here affirmed, without reaching or seeking to reach the issues of reasonable uniformity and equal protection of the law. A simple finding, here easily made, that this issue was not fully tried in the trial court would suffice as the reason for such affirmance without alluding to the issues of constitutional dimension raised.

However, as an optional approach, a statute here applicable provides for a discretionary reversal by this court ". . . if it shall appear . . . from the record, that the real controversy has not been fully tried. . . ."[14] That would certainly describe this record and this case as to the issues concerning reasonable uniformity and denial of equal protection of the law. The above discretionary reversal statute provides that this court may in its discretion reverse the judgment appealed from ". . . regardless of the question whether proper motions, objections, or exceptions appear in the record or not. . . ."[15] Additionally, that statute provides that this court may

[12] Respondent's Brief at page 12.
[13] Respondent's Brief at page 14.
[14] Sec. 251.09, Stats.
[15] *Id.*

reverse and order a new trial or may direct ". . . the adoption of such procedure in that court [the trial court], not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice."[16] On this record, given an issue raised of constitutional dimension and in an area of important public policy, we opt for such discretionary reversal and remand. The judgment is set aside, and the case is remanded to the trial court for the taking of additional testimony. The testimony taken up to now is to stand, but both parties are to be permitted to place into the record the facts as to the transporting of pupils to schools, public or private, required or discretionary, inside or outside the district, by the school board in the Mukwonago Area School District.

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.