EVERETT E. BOLLE, Assembly Chief Clerk, Wisconsin Legislature
Upon the direction of the Wisconsin State Assembly you have requested my opinion regarding the constitutionality of federalizing the Wisconsin income tax. Assembly Resolution 11 states in full:
 "Resolved by the assembly, That the attorney general is requested to provide an opinion as to the constitutionality of *Page 332 
federalizing the Wisconsin income tax by establishing the tax as a percentage of the federal income tax owed by the taxpayer, without any modifications, adjustments or deductions."
There is no specific proposed legislation before me to examine.
Wisconsin "federalized" its individual income tax some time ago by adopting ch. 163, Laws of 1965. This was accomplished by incorporating definitions into the Wisconsin law identical to those found in the federal internal revenue code. However, certain differences remained, including, among other things, nonrecognition of preferential capital gain treatment, treatment of deductions, separate filing requirements for spouses, inclusion of interest on state and municipal obligations, exclusion of interest on federal obligations, and special treatment for numerous problems arising out of residency status. Many of these differences are reflected by the modifications in sec. 71.05, Stats. Some of these differences are required to satisfy constitutional requirements, such as the exclusion of interest on federal obligations and the treatment of income received while a nonresident of Wisconsin.
Accordingly, it would not be constitutional to establish the state income tax as a percentage of the federal income tax, as the resolution provides, without any modifications to satisfy such constitutional requirements.
Another constitutional question raised is whether such a scheme of taxation constitutes an unconstitutional delegation of state legislative powers to the federal government. Wisconsin Constitution art. IV, sec. 1, provides that "The legislative power shall be vested in a senate and assembly." No one of the three branches of government can effectively delegate any of the powers which peculiarly and intrinsically belong to that branch.State v. Wakeen, 263 Wis. 401, 407, 57 N.W.2d 364, 367 (1953);Rules of Court Case, 204 Wis. 501, 503, 236 N.W. 717, 718 (1931)
The following quotations from 50 Op. Att'y Gen. 107 (1961) place the delegation issue into its proper perspective:
 "The general rule is that a `state legislature has no power to delegate any of its legislative powers to any outside agency such as the Congress of the United States. * * * A state legislature does not invalidly delegate its legislative authority by adopting the law or rule of Congress, if such law is already in existence or *Page 333 
operative.' 11 Am. Jur. 930, 931, 16 C.J.S. 563. `It is generally held that the adoption by or under authority of a state statute of prospective Federal legislation, or Federal administrative rules thereafter to be passed, constitutes an unconstitutional delegation of legislative power. In some cases, however, it has been held that there was no unconstitutional delegation of authority by a state statute which provided that prospective Federal legislation should control.' 11 Am. Jur. Sec. 219, 1961 supplement p. 141, 16 C.J.S. 564.
"* * *
 "In George Williams College v. Williams Bay (1943) 242 Wis. 311, 316, 7 N.W.2d 891, it is stated:
 "`* * * By this doctrine [legislation by reference] when a statute adopts the general law on a given subject, the reference is construed to mean that the law is as it reads thereafter at any given time including amendments subsequent to the time of adoption. This is to be contrasted with adoption by reference of limited and particular provisions of another statute, in which case the reference does not include subsequent amendments. * * *'"
Alaska's territorial income tax law which was based on a percentage of the federal tax paid had its constitutionality upheld in Alaska Steamship Co. v. Mullaney, 180 F.2d 805, 815
(9th Cir. 1950). The court found it would be appropriate to incorporate by reference specific provisions of the federal law such as was done by ch. 163, Laws of 1965.
The problem of incorporating provisions into enactments by reference to future acts of other legislative bodies is avoided by the periodic updating of Wisconsin's reference to the federal law. Chapter 29, Laws of 1977, for instance, updated the reference to the federal internal revenue code to December 31, 1976, by amending sec. 71.02 (2)(b)2 and creating sec. 71.02
(2)(b)3, Stats. Thus, for the 1977 taxable year and thereafter, taxpayers will use the federal internal revenue code in effect on December 31, 1976, in computing adjusted gross income and itemized deductions, with two exceptions in the areas of child care expenses and special tax treatment of certain pollution control facilities. These two exceptions demonstrate that periodic updating and strict scrutiny by the state Legislature of *Page 334 
the federal internal revenue code, which the Constitution was intended to insure, may result in the adoption of differences between the federal and state tax systems, inconsistent with the objectives of "simplification," but apparently in response to more compelling policy considerations.
Any attempt to federalize corporate income taxes must keep in mind that corporations must have their incomes apportioned between the states in which they are doing business. Apportionment of corporate income between states, of course, is not necessary for federal income tax purposes. An unapportioned tax, by its very nature, makes interstate commerce bear more than its fair share of taxation. See 71 Am. Jur. 2d State and LocalTaxation sec. 456.
The essential difference between the present proposal suggested by Assembly Resolution 11 and the current law is that the basis for the individual income tax would be the federal tax due instead of federal taxable income. This difference is not dramatic, nor does it lead to any more "simplification" or "federalization" than is possible under the present scheme of taxation. Some state and federal differences, such as those related to capital gains treatment and reporting of combined incomes by spouses, could be eliminated under our present simplified federalized income tax law as policy considerations may dictate. Other differences, such as those related to interest on government obligations and residency, are constitutionally mandated, and would be just as necessary under a state law based on federal tax due as a state law based on federal taxable income.
BCL:APH