State of WISCONSIN HIGHER EDUCATIONAL AIDS BOARD, an agency of the State of Wisconsin, Plaintiff-Appellant,

v.

Jerome A. HERVEY, Defendant-Respondent-Petitioner.†
[Case No. 81–568.]

WISCONSIN HIGHER EDUCATION CORPORATION, Plaintiff-Appellant,

v.

Teresa A. VAN OSS, Defendant-Respondent-Petitioner.†
[Case No. 81–569.]

Supreme Court

*Nos. 81–568, 81–569. Argued May 31, 1983.—Decided July 1, 1983.*

(Also reported in 335 N.W.2d 607.)

† Motion for reconsideration denied, without costs, on August 9, 1983. CECI and BABLITCH, JJ., took no part.

For the petitioners there was a brief by *Steven A. Taterka, Jeffery R. Myer* and *Legal Action of Wisconsin, Inc.*, Milwaukee, and oral argument by *Mr. Taterka*.

For the plaintiff-appellant there were briefs in court of appeals by *John A. Kassner* and *Kassner, Heibl & Heibl*, Madison, and oral argument by *John Glinski*, assistant attorney general.

LOUIS J. CECI, J. This is a review of an unpublished court of appeals decision which reversed an order of the Dane county circuit court, HONORABLE WILLIAM D. BYRNE, Circuit Judge, dismissing the complaints of the plaintiffs-appellants (Wisconsin Higher Educational Aids Board and Wisconsin Higher Education Corporation) in two actions to recover amounts less than $1,000 due under student loans made to each defendant (Hervey and Van Oss). Both of these cases were commenced as regular civil actions (under ch. 801, *et seq.*, Stats.), rather than small claims actions pursuant to ch. 799, Stats. Neither defendant is a resident of Dane county, where the actions were brought. The issue presented is whether the ch. 799 small claims procedure is mandatory where the amount claimed is $1,000 or less. We agree with the court of appeals that although ch. 799 procedures are mandatory in all actions brought pursuant to that chapter, sec. 799.01 does not require the use of that procedure for actions which, though eligible to be brought under ch. 799, are properly commenced under other statutory provisions. Accordingly, we affirm.

The plaintiff, Wisconsin Higher Educational Aids Board, commenced a contract action against the defendant Jerome Hervey to recover $247.87 allegedly due after Hervey became in default under the provisions of the promissory note for his student loan. Wisconsin Higher Education Corporation commenced a separate action against the defendant Teresa A. Van Oss for the $885.92 allegedly remaining on her student loan.

As noted above, each of these actions was commenced in the circuit court for Dane county as a regular civil action. Hervey resided in Milwaukee county when the action against him was commenced. At the time the action against Van Oss was commenced, her residence was in Brown county. Both Hervey and Van Oss were served in their respective counties of residence.

A motion to dismiss the complaint was filed in each action, on the ground that the plaintiffs had not complied with the small claims procedure of ch. 799. The two cases were consolidated for purposes of the hearing. The defendants argued that under sec. 799.01, Stats., the use of small claims procedure is mandatory where the amount claimed does not exceed $1,000, and since under sec. 799.11(1)(b) and (5),[1] venue is the defendant's place

---

[1] Section 799.11(1)(b), Stats., provides:

"**799.11 Venue.** (1) The venue of actions in which the procedure of this chapter is used is as follows:

. . .

"(b) in contract actions not involving a residential tenancy, the county where the defendant resides or is personally served."

Section 799.11(5), Stats., provides:

"(5) When, in any action under this chapter, it appears from the return of service of the summons or otherwise that the county in which the action is pending is not a proper place of trial of such action under this section, the court shall, on motion of a party or on its own motion, on the return day of the summons or prior to taking any other action on the case, determine the correctness of the venue. If venue is correct the case shall continue. If venue is not correct, the action shall be dismissed unless the defendant appears and waives the improper venue."

of residence or where the defendant is served, the action should have been dismissed. The plaintiffs asserted that the use of the small claims procedure is optional for the claimant and noted that under sec. 801.53, Stats.,[2] a regular civil action will not be dismissed for improper venue, but instead the defendant may move for a change of venue.

The circuit court granted the defendants' motions to dismiss, holding that the use of small claims procedure is mandatory for claims that fall within the small claims limits. The court stated that the language of sec. 799.01 (4) clearly provides that "the procedure in this chapter *shall* be used in circuit court" when the action is for a money judgment of $1,000 or less.

The court of appeals (in three separate opinions)[3] reversed, holding that the use of ch. 799 small claims procedure is not mandatory for claims that are eligible to be brought under that chapter. The court reasoned that the option to bring suit for small claims amounts in either county or circuit court (in a regular civil action

---

[2] Section 801.53, Stats., provides:

"**801.53 Change of venue to proper county.** When the county designated in the complaint is not the proper place of trial, except as to actions named in s. 801.50(1), the defendant may, within 20 days after the service of the complaint, serve upon the plaintiff a demand in writing that the trial be had within a proper county, specifying the county or counties, and the reason therefor. Within 5 days after service of such demand the plaintiff may serve a written consent that the place of trial be changed, and specify to what county, if the plaintiff has the option to name one and such consent shall change the place of trial accordingly. If the plaintiff's consent be not so served the defendant may, within 20 days after the service of the demand, move to change the place of trial, and the court or the presiding judge shall order the place changed with costs of motion. The right to obtain a change of the place of trial shall not be affected by any other proceedings in the action."

[3] We agree with both the holding and the rationale of the lead opinion, written by Judge Bablitch.

or "large claims" action), which existed prior to the Court Reform Act of 1977, was not changed by that act. The court of appeals determined that because there was no apparent legislative intent to make small claims procedure mandatory for claims falling within the parameters of ch. 799, the plaintiffs could choose to use either small claims or regular civil procedure rules.

Section 799.01, Stats., provides in pertinent part:

**799.01 Applicability of chapter.** "Subject to the limitations of ss. 799.11 and 799.12, the procedure in this chapter *shall be used in circuit court* in the following actions:

". . .

". . .

". . .

"(4) OTHER CIVIL ACTIONS. Other civil actions where the amount claimed is $1,000 or less, provided that such actions or proceedings are:

"(a) For money judgments only except for cognovit judgments which shall be taken pursuant to s. 806.25; or . . ." (Emphasis added.)

Before the enactment of the Court Reform Act, ch. 449, Laws of 1977, the corresponding statute stated that the procedure in the chapter "shall be used in *county* court" (Emphasis added). As the court of appeals noted, the defendants do not challenge the plaintiff's contention that prior to the Court Reform Act, claims meeting the minimum dollar amount requirement for small claims type actions could be commenced either in county court under the procedures specified in ch. 299, Stats. 1977, or in circuit court under the procedural provisions applicable to civil actions in general. We agree that ch. 299, which provided the procedure to be used by claimants in county court small claims matters, was not in-

tended to be an exclusive means of bringing a small claim.[4]

We agree with the court of appeals' interpretation of the legislative history of sec. 799.01, Stats., as written by Judge Bablitch:

"The act abolished county courts and established circuit courts as the single level trial court in Wisconsin. Section 497 (1) of ch. 449, provided that the term 'county' court should be changed to 'circuit' court in 73 designated sections of the statutes,[5] including sec. 299.01 (now numbered sec. 799.01).[6] There is no indication in the lengthy legislative history of the court reform act that the legislature intended, by making these or any other amendments relative to the adoption of a single level trial court system to effect a substantive change in the scope or application of the affected statutes.

"...

"Wisconsin's initial small claims court legislation was enacted by chs. 212, and 590, Laws of 1949, as ch. 254, Stats. The act allowed Wisconsin counties the option of creating a small claims court with county-wide jurisdiction, to be operated at county expense. Section 254.04 provided that certain kinds of actions similar to those specified in present sec. 799.01, Stats., 'may' be brought in such a county court. Litigants therefore had an option, in those counties which created a small claims court to try an eligible case either under the summary procedures set forth in ch. 254 or as a regular civil action.

[4] See, Boden, "Wisconsin Small Claims Practice Under Ch. 299: A Discussion and Some Suggestions," 47 Marq. L. Rev. 38, 43–44 (1963).

[5] As the court of appeals noted, sec. 497(1), ch. 449, Laws of 1977, did not distinguish between the 73 statute sections which it amended, but provided generally: "Wherever the term 'county court' or 'county courts' appears in the following sections of the statutes, the term 'circuit court' or 'circuit courts' is substituted: . . ." Section 497(2) provided for corresponding substitution of "circuit judges" in statutes referring to "county judges."

[6] Chapter 299, Stats., was renumbered ch. 799, Stats., by ch. 32, sec. 66, Laws of 1979.

"Chapter 254, Stats., was repealed, and ch. 299, Stats., was enacted in substantially the same form as present ch. 799, Stats., by ch. 519, Laws of 1961. The act provided a uniform state-wide procedure which 'shall be used' in all state county courts in the actions specified by sec. 299.01. The same session of the legislature created former sec. 757.58, Stats. (then numbered sec. 251.185, Stats.), as a part of the 1959 court reorganization plan. Sec. 49, ch. 495, Laws of 1961. Prior to its repeal by the 1977 court reform act, that statute provided:

" 'If an action is brought in the circuit court over which the county court has jurisdiction under Chapter 299, the court on its own motion *may* transfer the action, together with a record of all the proceedings had therein, to the county court.' [Emphasis supplied.]

"By authorizing but not requiring circuit courts to transfer small claims type actions to county courts, the 1961 legislature demonstrated its intention that both courts were to have concurrent jurisdiction over them. The small claims act was silent as to the procedure to be used if such an action were commenced and maintained in circuit court. However, sec. 299.01, Stats., expressly mandated use of small claims procedure only in county court. In addition, the 1961 legislature amended sec. 299.03 of the new small claims act a few days before its effective date to add the language: 'Unless otherwise designated wherever the word court is used herein it means county court.' Sec. 1, ch. 618, Laws of 1961. It follows that the legislature intended the summary procedures of the small claims act to be used in county courts, and regular civil procedure to be used for actions commenced in and retained by circuit courts. The legislature thus retained the option which had existed for plaintiffs under former ch. 254, Stats., to try small claims-eligible actions under either summary or regular rules of procedure subject to the circuit courts' discretion to transfer such actions to county court." (Footnote omitted.)

We also agree with the court of appeals that:

"the apparent mandate of sec. 799.01 that ch. 799 procedure 'shall be used in circuit court' in the designated

actions was the unintended result of a purely 'house-keeping' change which followed from the abolition of county courts and the institution of circuit courts as the single level trial court."

As the court of appeals noted, courts must give effect to legislative intention when interpreting and applying statutes.[7] Courts first look to the language of a statute, under the "plain meaning rule." *Milwaukee v. Lindner,* 98 Wis. 2d 624, 632, 297 N.W.2d 828 (1980); *State v. Wilson,* 77 Wis. 2d 15, 21, 252 N.W.2d 64 (1977). Although the general rule is that resort to extrinsic aids of construction is inappropriate when the statutory language is unambiguous,[8] the plain meaning rule is not without exceptions.[9] As this court has previously held, "very often 'shall' in a statute is construed to mean

---

[7] *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 164, 288 N.W. 2d 129 (1980); *Wieczorek v. Franklin,* 82 Wis. 2d 19, 23, 260 N.W. 2d 650 (1978).

[8] *Milwaukee v. Lindner,* 98 Wis. 2d at 632–34; *State ex rel. Ahlgrimm v. State Elections Bd.,* 82 Wis. 2d 585, 590, 263 N.W.2d 152 (1978); *Young v. Board of Ed., Joint Dist. No. 10,* 74 Wis. 2d 144, 150, 246 N.W.2d 230 (1976).

[9] The effect of the plain meaning rule has been discussed by the U.S. Supreme Court in several of its decisions. For example, in *United States v. Dickerson,* 310 U.S. 554, 562 (1940), the Court rejected the argument that a statute's language was clear and, therefore, not subject to other rules of construction: "It would be anomalous to close our minds to persuasive evidence of intention on the ground that reasonable men could not differ as to the meaning of the words. Legislative materials may be without probative value, or contradictory, or ambiguous, it is true, and in such cases will not be permitted to control the customary meaning of words or overcome rules of syntax or construction found by experience to be workable; they can scarcely be deemed to be incompetent or irrelevant. . . . The meaning to be ascribed to an Act of Congress can only be derived from a considered weighing of every relevant aid to construction." (Citation and footnote omitted.) *See also, Train v. Colorado Pub. Int. Research Group,* 426 U.S. 1, 10 (1976); *U.S. v. Amer. Trucking Ass'ns,* 310 U.S. 534, 543 (1940).

'may.' " *George Williams College v. Williams Bay,* 242 Wis. 311, 319, 7 N.W.2d 891 (1943); *Sommerfeld v. Board of Canvassers,* 269 Wis. 299, 303, 69 N.W.2d 235 (1955). The word "shall" "will be construed as directory if necessary to carry out the legislature's clear intent." *Cross v. Soderbeck,* 94 Wis. 2d 331, 340, 288 N.W.2d 779 (1980), citing *Karow v. Milwaukee County Civil Serv. Comm.,* 82 Wis. 2d 565, 570–71, 263 N.W.2d 214 (1978).

Thus, the absence of any legislative history showing that the legislature in 1977 intended any substantive changes in sec. 799.01 indicates a lack of such a legislative intent. Section 990.001(7), Stats., provides that an amended statute must be construed in the same sense as its predecessor "unless the change in language indicates a different meaning so clearly as to preclude judicial construction." Moreover, the view that the amendment of sec. 799.01 in 1977 was a mere "housekeeping" change is supported by another section of ch. 799. Section 799.03, titled "Intent," provides that "[s]ections 799.01 and 799.02 are procedural and not jurisdictional. . . ." Therefore, we agree with the court of appeals' conclusion that the legislature did not intend to remove the option of a plaintiff to commence an action for the recovery of an amount not in excess of $1,000 either as a small claims action or as a regular civil action. Accordingly, we affirm.

*By the Court.*—The decision of the court of appeals is affirmed.

STEINMETZ, J. *(concurring).* The majority refers to sec. 799.03, Stats., in the last paragraph of the opinion only as additional justification for ruling that the word "shall" in sec. 799.01 did not work a significant change in the application of the statute. Sec. 799.03 clearly

states that secs. 799.01 and 799.02 are "procedural and not jurisdictional." The obvious meaning of that section is that civil actions, where the amount claimed is $1,000 or less, are governed by the procedural provisions of ch. 799 if they are brought as small claim actions. However, actions for $1,000 or less need not be jurisdictionally brought under ch. 799.

I do agree with the other reasoning of the majority and the result reached by the majority.