DARWIN L. ZWIEG, District Attorney Clark County
You have asked for my opinion concerning the appropriate procedures to be used in seeking forfeitures for violations of statutes.
You have noted that under section 778.01, Stats., "[w]here a forfeiture imposed by statute shall be incurred it may be recovered in a civil action unless the act or omission is punishable by fine and imprisonment or by fine or imprisonment." Specifically, you ask whether the appropriate summons to be used in such an action is the form in section 968.04(3)(b), or the one in section 801.095. Examples of the forfeiture cases processed by your office include violations of food regulations in chapter 97 and fireworks regulations in section 167.10.
You question whether the entire body of civil procedure applies to forfeiture actions so that a defendant could file a counterclaim and so that parties could file interrogatories and schedule depositions.
Following the directions of the Legislature, as the supreme court did in State v. Peterson, 104 Wis.2d 616, 622-24,312 N.W.2d 784 (1981), leads to the conclusions that the proper summons form is the one found in section 799.05 and that counterclaims, interrogatories and depositions are available in the forfeiture actions.
The Legislature directs in section 778.01 that forfeitures for violations of statutes may be recovered in civil actions. In section 799.01, the Legislature has said that, subject to specified limitations, the procedure in chapter 799 is the exclusive procedure to be used in circuit court in the actions specified in section 799.01(1) to (4). Among the actions for which chapter 799 provides the exclusive procedure in circuit court are "[a]ctions to recover forfeitures *Page 271 
except as a different procedure is prescribed in chs. 23, 66, 345 and 778, or elsewhere, and such different procedures shall apply equally to the state, a county or a municipality regardless of any limitation contained therein." Sec. 799.01(2), Stats.
In section 799.04, the Legislature explains how the procedure in chapter 799 relates to other rules of civil procedure:
 (1) GENERAL. Except as otherwise provided in this chapter, the general rules of practice and procedure in chs. 750 to 758 and 801 to 847 shall apply to actions and proceedings under this chapter. Any judicial proceeding authorized to be conducted under s. 807.13 may be so conducted in actions under this chapter.
 (2) FORMS. Except as otherwise provided in this subsection and this chapter, the forms specified in chs. 801 to 847 shall be used.
These statutes tell us that in actions to recover forfeitures for violations of statutes, the procedures set forth in chapters 23, 66, 345 and 778 have priority. Where those chapters are not applicable, chapter 799 is accorded the next level of priority in establishing the procedure to be used. Finally, where chapter 799 is not applicable, the rules of practice and procedure in chapters 750 to 758 and 801 to 847 are.
Applying this methodology to your questions, neither the summons in section 968.04(3)(b) nor the one in section 801.095 is appropriate. Because actions to recover forfeitures for violations of chapter 97 or section 167.10 do not fall within the coverage of chapter 23, 66 or 345 and because chapter 778 does not specify the type of summons to be used, the appropriate summons is the one set forth in section 799.05.
Chapter 778 does not address the use of counterclaims. Therefore, it is again necessary to turn to chapter 799, which permits the use of counterclaims when appropriate under section799.02.
Finally, because neither chapter 778 nor chapter 799 have any provision for interrogatories or depositions, the practice and procedure in chapters 801 to 847 apply; and interrogatories and depositions are available in the forfeiture action to the extent they are permitted by chapters 801 to 847. *Page 272 
Prior to the enactment of 1983 Wisconsin Act 228 in 1984, the plaintiff would have had the option of commencing the action to recover the forfeiture by using the small claims procedure or the regular civil procedure. Despite the language used in section799.01 at the time of the opinion, the court decided in State v.Hervey, 113 Wis.2d 634, 642, 335 N.W.2d 607 (1983), that the plaintiff had the option of commencing the actions specified in section 799.01(1) to (4) either as small claims actions or as regular civil actions. At that time section 799.01 provided in part: "[T]he procedure in this chapter shall be used in circuit court in the following actions"; and section 799.03 provided in part: "Sections 799.01 and 799.02 are procedural and not jurisdictional."
The small claims act was subsequently amended by 1983 Wisconsin Act 228 as follows:
 SECTION 2. 799.01 (intro.) of the statutes is amended to read:
 799.01 Applicability of chapter. (intro.) Subject to the limitations of ss. 799.11 and 799.12, the procedure in this chapter [shall be used in circuit court in the following actions]* is the exclusive procedure to be used in circuit court in the actions specified in subs. (1) to (4), if all the defendants reside within the state and can be personally served in the state, and the procedure is permissive in those actions otherwise. The applicable actions are:
 NOTE: This SECTION specifies that the procedure provided for small claim type actions is the exclusive procedure if the defendant resides in and can be personally served in the state.
 SECTION 3. 799.03 of the statutes is amended to read:
 799.03 (title) Definition. [Sections 799.01 and 799.02 are procedural and not jurisdictional].* In this chapter unless otherwise designated, "court" means circuit court and "court" does not mean court commissioner.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
 NOTE: The first sentence of the statute is deleted because it has been construed to mean that actions for $1,000 or less need not be jurisdictionally brought under ch. 799. State v. Hervey, 113 Wis.2d 634 (1983). Under revised s. 799.01, the circuit court lacks jurisdiction over certain actions unless ch. 799 procedures are followed. *Page 273 
The comments in the notes show that the Legislature intended the amendments to overrule the decision in Hervey and to make the small claims procedure mandatory for the actions specified in section 799.01. The subsequent revisions to the small claims act by 1987 Wisconsin Act 208 continued the mandatory nature of the small claims procedure in such actions.
DJH:SWK *Page 274