**UNITED STATES of America**

v.

**Edward ALEXANDER, Beverly A. Griffin and Gregory L. F. Wilcher.**

**Crim. Nos. 855–71, 1361–71.**

United States District Court,
District of Columbia.

Oct. 5, 1971.

13. See "Social Security Act—Disability," 22 A.L.R.3rd 440 (1968), and "Social Security Act—Disability," 77 A.L.R.2d 641 (1961).

Earl Silbert, Asst. U. S. Atty., for the United States.

Richard D. Burke, Washington, D. C., for defendant Edward Alexander.

Peter Kolker, Caroline Nickerson, Public Defenders Service, Washington, D. C., for defendants Beverly A. Griffin and Gregory L. F. Wilcher.

## MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

█ Under the provisions of the District of Columbia Court Reform and Criminal Procedure Act of 1970, the United States Attorney for the District of Columbia is authorized to proceed directly in adult court against persons between the ages of sixteen and eighteen where an indictment charges one of several specified serious felonies.[1] The three defendants named above in the caption are each in this age bracket and have been so charged. Separately, by their respective counsel, they now move to dismiss primarily on the ground they have been denied procedural due process

as guaranteed by the Fifth Amendment. More specifically, they assert that since under the new statute some juveniles are entitled to a waiver or "transfer" hearing before adult proceedings can be commenced, 16 D.C.Code § 2307 (Supp. IV, 1971), they also must be afforded this same type of hearing before suit can be commenced in an adult court. Similar motions have been heard by two other Judges of this Court with conflicting results. Accordingly, it appears appropriate to deal with the issues presented by these motions as if they were before the Court as a matter of first impression.

The statutory scheme contemplated under the Act as it relates to juvenile offenders in the District of Columbia requires brief discussion. The Act undertook to establish an expanded local court for local matters and to place the United States District Court in a status comparable to that of other United States District Courts throughout the country. The transition now in progress will to all intents and purposes be completed with respect to criminal matters by August, 1972. After August, all adult criminal offenses under the D.C.Code will be prosecuted in the new Superior Court, 11 D.C.Code § 923 (Supp. IV, 1971), and all adult U.S.Code offenders will be prosecuted in the United States District Court, 11 D.C.Code § 502 (Supp. IV, 1971). Where a defendant is charged with violations of both the D.C. and U.S. Codes, he will be prosecuted in the United States District Court. 11 D.C.Code § 502(3) (Supp. IV, 1971). Juveniles below the age of sixteen accused of offenses under either code are now prosecuted and will continue to be processed in the Family Division of the new Superior Court. 16 D.C.Code § 2301 et seq. (Supp. IV, 1971). These proceedings are the responsibility of the Corporation Counsel, not the United States Attorney.

---

1. Murder, Forcible Rape, Burglary in the First Degree, Robbery while Armed, or Assault with Intent to commit any such offense, 16 D.C.Code § 2301(3) (A) (i) (Supp. IV, 1971), or one of these enumerated offenses and any other offense properly joinable with such an offense, 16 D.C.Code § 2301(3) (A) (ii) (Supp. IV, 1971).

16 D.C.Code § 2305 et seq. (Supp. IV, 1971).

The Act contains special provisions relating to individuals in the sixteen-eighteen age bracket. The Family Division of the Superior Court is given no jurisdiction over individuals in this age bracket who are charged by the United States Attorney with one of the enumerated serious felonies previously mentioned. This class of offenders is always to be tried as adult and only in an adult court.[2] Other juveniles above or below age sixteen may only be tried as adults if transferred to an adult court by transfer hearings which are comparable to the traditional waiver proceedings that were previously required in this jurisdiction. 11 D.C.Code § 1553 (1967 ed.). *See, generally,* Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Until August, 1972, a person in the sixteen-eighteen year age bracket charged with one or more of the enumerated serious felonies will be prosecuted in the United States District Court, 11 D.C.Code § 502 (2) (Supp. IV, 1971), and after that date prosecutions will be brought for such cases in the Criminal Division of the Superior Court unless the indictment also charges a violation of the U.S. Code in one or more counts, in which event the District Court will have jurisdiction over the entire prosecution. 11 D.C.Code § 502(3) (Supp. IV, 1971).

The net effect of the Act has therefore been to remove from the Family Division's general jurisdiction over juveniles all cases involving individuals in the sixteen-eighteen year age bracket where they are charged with one of the enumerated serious felonies. Once an individual is so charged, he cannot be processed by the Family Division in any way. No waiver or transfer is involved. Jurisdiction is solely in the adult court. The only possibility that such a person will remain within the jurisdiction of the Family Division arises from the ability of the prosecution to exercise its traditional "discretion" and charge a person in this age group with a lesser offense than one of the enumerated serious felonies. It is not possible to prosecute some sixteen-eighteen year old offenders for an enumerated serious felony in Family Court and others in adult court. Only the adult court, be it the Superior Court or the United States District Court, has jurisdiction.

Movants attack this statutory scheme on constitutional grounds, claiming that Congress cannot carve out from the large class of juveniles certain juveniles in a specified age bracket charged with specified serious felonies and thus afford different treatment by classifying each individual in this sub-group as an adult rather than a "child."

■ The Court must, however, recognize the doctrine enunciated in Oyler v. Boles, 368 U.S. 448 at 456, 82 S.Ct. 501, at 506, 7 L.Ed.2d 446 that "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." In stating this principle, the Supreme Court went on to point out that constitutional difficulties might be presented if a policy of selective enforcement was based upon "an unjustifiable standard such as race, religion, or other arbitrary classification" (p. 456, 82 S.Ct. p. 506). The legislative history of the Court Reform Act discloses that Congress was not prompted by any such unjustifiable standard. After considering such matters as the maturity of sixteen-eighteen year old offenders, the rise in violent crimes committed in this city by many in this group, the high recidivism rate and inadequacy of juvenile controls previously

---

**2.** 11 D.C.Code § 1101(13) (Supp. IV, 1971) confers jurisdiction on the Family Division of the Superior Court over matters concerning a "child" as defined in 16 D.C.Code § 2301(3) (Supp. IV, 1971). Those in the sixteen-to-eighteen year old age bracket excluded from the definition of "child" by 16 D.C.Code § 2301(3) (Supp. IV, 1971) fall within the general jurisdictional provisions of 11 D.C.Code § 502 (Supp. IV, 1971) (United States District Court), and 11 D.C.Code § 923 (Supp. IV, 1971) (Superior Court).

imposed, and other similar factors, juveniles in this age group charged with certain enumerated felonies were placed under adult jurisdiction.[3]

■ Metropolitan Casualty Ins. Co. of New York v. Brownell, 294 U.S. 580, 584, 55 S.Ct. 538, 540, 79 L.Ed. 1070 (1935) teaches that

> It is a salutary principle of judicial decision, long emphasized and followed by this Court, that the burden of establishing the unconstitutionality of a statute rests on him who assails it, and that courts may not declare a legislative discrimination invalid unless, viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some rational basis within the knowledge and experience of the legislators. (fn. omitted).

Congress is especially responsible for District of Columbia legislation and acquainted with local conditions. There were more than adequate grounds for the challenged classification and the Court cannot see any basis for claiming that Congress acted irrationally or arbitrarily.

Legislative exclusion of persons charged with certain crimes from general juvenile jurisdiction is not unique. Congress has excluded from the Federal Juvenile Delinquency Act offenses punishable by death or life imprisonment. 18 U.S.C. § 5031, and several states have likewise excluded certain crimes in defining juvenile jurisdiction.[4] Furthermore, several courts have sustained the complete discretion of the Attorney General under the Federal Juve-nile Delinquency Act to determine whether or not an offender may be processed as a juvenile under the provisions of the Act rather than as an adult, a situation quite analogous to that presented here and perhaps constitutionally more difficult to justify. Whereas under the Juvenile Delinquency Act, the prosecutor has sole discretion to treat offenders in the same federal court jurisdiction in a different manner, here Congress itself has made the basic jurisdictional determination. Ramirez v. United States, 238 F.Supp. 763 (S.D. N.Y.1965), and United States v. Verra, 203 F.Supp. 87 (S.D.N.Y.1962). See, generally, Long v. Robinson, 316 F. Supp. 22 (D.Md.1970); 436 F.2d 1116 (4th Cir. 1971).

Movants have sought to create the impression that the Act gives the United States Attorney a new and far-reaching discretion which enables him to ignore the traditional waiver proceeding. This is not the case. Unlike the situation in Kent, no right to waiver of jurisdiction is involved here.[5] Jurisdiction for this class of offenders is placed by informed legislative action solely in the adult courts. The wide discretion vested in the prosecutor to bring charges or not to bring charges, to defer to a state or to select a federal forum, to reduce charges to lesser offenses, etc., is universally recognized. Nothing more is involved here. Powell v. Katzenbach, 123 U.S.App.D.C. 250, 359 F.2d 234 (1965), cert. denied, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359 (1966), reh. denied, 384 U.S. 967, 86 S.Ct. 1584, 16 L.Ed.2d 679 (1966); Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479 (1969); Hutcherson v. United

---

3. The enumerated felonies all carry a possible life sentence, except Burglary in the First Degree which carries a 30-year maximum. 22 D.C.Code § 1801 (Supp. IV, 1971).

4. 1969 Perm.Supp.Colo.Rev.Stats. §§ 22–1–3(17) (b), 22–1–4(4) (b); 10 Del.Code Ann. § 957, 11 Del.Code Ann. §§ 360(b), 363(d), 468A; Burns' Ind.Stats. §§ 9–3204(1), 9–3213, IC 1971, 31–5–7–4, 31–5–7–13; Iowa Code Ann. § 232.64; La.Const. Art. 7 § 52; Md.Code Ann.

Art. 26 § 70–2(d) (1); Miss.Code Ann. §§ 7185–03, 7185–15; Nev.Rev.Stats. § 62.050; S.C.Const. Art. 5, § 1; Tenn. Code Ann. § 37–265.

5. Kent involved an interpretation of a provision of the Juvenile Court Act which enabled the judge "after full investigation" to waive jurisdiction and order the child held for trial in an adult court. 383 U.S. at 547–548, 86 S.Ct. 1045. No such statutory provision is involved here.

States, 120 U.S.App.D.C. 274, 345 F.2d 964, cert. denied, 382 U.S. 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965). Indeed this Circuit recently reinforced the absolute nature of the prosecutor's discretion even in circumstances that had led the trial judge to believe a clear abuse of that discretion was involved. United States v. Gainey, 142 U.S.App.D.C. 262, 440 F.2d 290 (1971).

It should be noted that all the traditional protections of grand jury presentment, preliminary hearing and jury trial are afforded this group of offenders and that in the event of convictions the extraordinarily flexible provisions of the Federal Youth Correction Act designed to create programs for limited incarceration and effective rehabilitation are completely available. 18 U.S.C. § 5010, § 5011, § 5013, § 5017.

There is no denial of equal protection or invasion of the presumption of innocence. Jurisdiction rests only in adult court for sixteen-to-eighteen year old persons charged with the enumerated serious felonies because Congress for proper reasons has so provided. The motions and each of them are denied. So ordered.